# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY FRAZIER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-1688 |
| JEFFREY BEARD, *et al.* | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                                                   **MAY 27, 2021**

Petitioner Jerry Frazier, a prisoner in state custody serving a life sentence for first degree murder and other charges, has filed a counseled Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 21.) Frazier seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion must be dismissed.

**I.**     **BACKGROUND**

The procedural history and factual background of Frazier's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Perkin (ECF No. 10) and the prior Memorandum filed by the Court approving the Report and Recommendation. (ECF No. 13.) Accordingly, the Court outlines only the information necessary to place the instant Motion in context. Following his jury trial conviction, Frazier filed a counseled direct appeal raising the sole issue that the guilty verdict was against the weight of the evidence. The appeal was denied by the Pennsylvania Superior Court on the ground that Frazier failed to properly preserve the issue for appeal. Frazier then filed a counseled PCRA petition asserting that trial counsel was

ineffective for failing to call a witness and for failing to object to references at trial to his post-arrest silence. The PCRA petition was denied, and the denial was affirmed on appeal.

The same attorney who represented Frazier in his PCRA proceeding then filed a federal habeas petition on his behalf. (ECF No. 1.) The federal habeas petition raised the same two ineffectiveness of counsel issues raised on PCRA review. Magistrate Judge Perkin determined that the claims were exhausted and recommended on merits review that the state court's adjudication of the ineffective assistance claims was not contrary to or an unreasonable application of Supreme Court law. Upon *de novo* review, the Court overruled Frazier's objections and the Report and Recommendation was approved and adopted. The decision dismissing the habeas petition was affirmed by the United States Court of Appeals for the Third Circuit on October 26, 2016. (ECF No. 20.)

In the current Motion, Frazier seeks relief pursuant to Federal Rule of Civil Procedure 60(b). He asserts that newly discovered evidence that could have been used to impeach a Commonwealth witness was not disclosed to the defense by the Commonwealth due to governmental interference. (ECF No. 21 at 6-9.)[1]

## II. STANDARDS

### A. Federal Rule of Civil Procedure 60

Rule 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

**B.     Second or Successive Habeas Petitions**

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (stating that a habeas petitioner "is not permitted to circumvent

AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[2] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.* at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition such as a failure to exhaust, a procedural default, or a statute-of-limitations bar, or "challenges a defect in

---

[2] The Court stated that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only to the extent that it is not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 (citation and internal quotation marks omitted) (alteration in original).

4

the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the habeas court. *Id.* at 532 and n.4, 5.

## III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Frazier's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. Frazier's motion does not challenge a procedural ruling that precluded a merits determination of his habeas claims. Rather, those two claims of attorney ineffectiveness were adjudicated on their merits and Frazier, through his 60(b) Motion, seek to raise a new claim. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition since he again challenges his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

## IV. CONCLUSION

Accordingly, Petitioner's Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b) will be denied. An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**